UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X

In the Matter of BERTRAM BROWN,
an Attorney and Counselor-at-Law.

MC-05-260 (ERK)

ORDER

Respondent.

---------------------------------------------------X

An order having been entered in the Supreme Court of the State of New York, Appellate Division, FIRST Judicial Department, disbarring respondent from the practice of law before that Court,

IT IS ORDERED, pursuant to Local Rule 1.5 that respondent, be and hereby is disbarred from the practice of law before this Court and that respondent's name be stricken from the Roll of Attorneys of this Court. This order shall become effective 24 days after the date of service upon said attorney unless otherwise modified or stayed.

The docketing clerk is directed to mail a copy of the within to respondent and to close the within action without prejudice to reopening the matter upon application of respondent.

SO ORDERED.

Dated :   Brooklyn, New York
         April 26, 2006

                                    Edward R. Korman, Chief Judge
                                    and Chairman of the Committee on
                                    Grievances, E.D.N.Y.

CLOSED

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:05-mc-00260-ERK
# Internal Use Only

Brown, Esq.  
Assigned to: Chief Judge Edward R. Korman

Date Filed: 11/08/2005

**Respondent**

**Bertram Brown** represented by **Bertram Brown**
200 West 58th Street
Suite 108
New York, NY 10019
(212) 581-9511
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2005 | 1 | Certified Copy of Order from the Appellate Division *(First Department) dated 9/27/2005. Respondent is suspended from practice.(Villanueva, William)* (Entered: 11/15/2005) |
| 12/16/2005 | 2 | Order Pursuant to Local Rule 1.5 suspending respondent from the Roll of Attorneys. This order shall become effectiv 24 days after the date of service.Coppy sent to petitioner.Ordered by Judge Edward R. Korman on 12/8/05. (Glenn, Marilyn) (Entered: 12/16/2005) |

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department
in the County of New York on April 13, 2006.

PRESENT: Hon: David B. Saxe, Justice Presiding,
Joseph P. Sullivan
Milton L. Williams
John W. Sweeny, Jr.
James M. Catterson, Justices.

FILED
APR 13 2006

Appellate Division, Supreme Court
First Department

---------------------------------------x

In the Matter of Bertram Brown,
a suspended attorney:

    Departmental Disciplinary Committee
    for the First Judicial Department,

        Petitioner,

Bertram Brown,

        Respondent.

M-79

05 MC 260

---------------------------------------x

    An order of this Court having been entered on September 27, 2005 (M-1570), suspending respondent (who was admitted to practice as an attorney and counselor-at-law in the State of New York at a Term of the Appellate Division for the Second Judicial Department on December 15, 1954), from the practice of law in the State of New York until further order of this Court based upon his failure to cooperate with the Committee and uncontested evidence of professional misconduct immediately threatening the public interest,

    And the Departmental Disciplinary Committee, by Thomas J. Cahill, its Chief Counsel (Kevin P. Culley, of counsel), having moved this Court on February 6, 2006 for an order pursuant to 22 NYCRR 603.14 and Judiciary Law Sections 90 subd. 2, and 486, immediately disbarring respondent based upon uncontested evidence that respondent has engaged in the unauthorized practice of law and engaged in other acts of professional misconduct during his suspension,

    And respondent pro se having submitted opposition to the motion to disbar and instead seeking leave to resign as an attorney and counselor-at-law in the State of New York,

(M-79)                                          April 13, 2006

   Now, upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon, and upon the Opinion Per Curiam filed herein, it is unanimously,

   Ordered that the motion is granted and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof, and it is further,

   Ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; that respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto, effective the date hereof. Respondent is directed to fully comply with the provisions of Title 22, Section 603.13, of the Rules of this Court, a copy of which is annexed hereto and made a part hereof.

ENTER: *Catherine O'Hagan Wolfe*

CLERK

APPELLATE DIVISION SUPREME COURT FIRST DEPARTMENT
STATE OF NEW YORK

I, CATHERINE O'HAGAN WOLFE, Clerk of the Appellate Division of the Supreme Court First Judicial Department, do hereby certify that I have compared this copy with the original thereof filed in said office on 4/13/06 and that the same is a correct transcript thereof, and of the whole of said original.
IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of this Court on 4/13/06.

*Catherine O'Hagan Wolfe*
CLERK

SUPREME COURT, APPELLATE DIVISION

First Judicial Department, February 2006

APR 13 2006

| David B. Saxe, | Justice Presiding, |
| Joseph P. Sullivan | |
| Milton L. Williams | |
| John W. Sweeny, Jr. | |
| James M. Catterson, | Justices. |

-------------------------------------------x

In the Matter of Bertram Brown,
a suspended attorney:

    Departmental Disciplinary Committee
    for the First Judicial Department,

        Petitioner,

    Bertram Brown,

        Respondent.

M-79

-------------------------------------------x

Disciplinary proceedings instituted by the Departmental
   Disciplinary Committee for the First Judicial
   Department. Respondent was admitted to the Bar
   at a Term of the Appellate Division of the
   Supreme Court for the Second Judicial Department
   on December 15, 1954.

Thomas J. Cahill, Chief Counsel, Departmental
   Disciplinary Committee, New York
   (Kevin P. Culley, of counsel), for petitioner.

Respondent pro se.

In the Matter of Bertram Brown, a Suspended Attorney

Per Curiam

Respondent Bertram Brown[1] was admitted to the practice of law in the State of New York by the Second Judicial Department on December 15, 1954. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

By order entered September 27, 2005, effective immediately, this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4(e)(1)(ii) and (iii) on the grounds he made substantial admissions under oath that he commingled and converted client funds, failed to maintain bookkeeping records, and failed to comply with lawful demands of the Committee's investigation (23 AD3d 56).

The Disciplinary Committee now seeks an order pursuant to Judiciary Law § 90(2), disbarring respondent for willful failure to comply with the September 27, 2005 order of suspension in violation of Judiciary Law § 486 insofar as he has engaged in the unauthorized practice of law, continued to maintain client/third-party escrow funds incident to his practice of law, converted additional third-party funds after the effective date of his suspension, and has otherwise failed to comply with the order of suspension by conveying the impression that he is a practicing

---

[1] Although respondent was previously represented by counsel, he is now proceeding pro se.

attorney.

This Court's order of suspension was entered on September 27, 2005, and was served via overnight mail on respondent's then counsel in the afternoon of September 28th. On September 30th, respondent appeared before New York Civil Court Judge Jeffrey Oing, on behalf of his client Third Avenue Wireless, Inc. According to an affidavit from respondent's adversary, respondent appeared that day and made an application for an adjournment so that he could prepare and submit opposition papers to a motion, and entered into a stipulation adjourning the motion for that purpose.

On October 3, 2005, the adversary telephoned respondent asking him if he was suspended. Respondent initially did not admit to it, indicating that the Committee was only looking into allegations, but when pressed, finally admitted he was indeed suspended. On or about October 17, 2005, respondent served the Committee with his affidavit of compliance with the order of suspension as required by 22 NYCRR 603.14(a)(I), swearing therein that he had fully complied with the provisions of the suspension order and the rules.

Nevertheless, two days later, on October 19, 2005, respondent again appeared in court on behalf of a client, Virginia Khublall, this time before Queens Supreme Court Justice Allan B. Weiss. Prior to the call of the calender, respondent

3

engaged in negotiations with his opponent. Respondent then appeared on behalf of the plaintiff never alerting the court or his adversary to the fact that he was interimly suspended. While respondent eventually advised opposing counsel that he had to be substituted because of a disciplinary "problem", he did not do so until Friday, October 21, during a settlement discussion. To date, respondent has never advised counsel that he has been suspended.

On October 25, 2005, respondent was deposed by the Committee during which he claimed that he was not practicing law in the <u>Khublall</u> matter because he had informed his client that he had been suspended before the court appearance and only appeared in court to obtain an adjournment. In support of his testimony, respondent submitted to the Committee a fax containing unsworn statements from plaintiff Virginia Khublall dated October 21, 2005. In the fax, Ms. Khublall does not state that respondent advised her that he was suspended, as required by 22 NYCRR 603.13(d)(1) but, rather, that because of some "serious professional problems" he was no longer able to "act as a lawyer" and he would find another lawyer for her.

The Committee now argues that given the foregoing, respondent's affidavit of compliance with the suspension order is false. In particular, the Committee asserts that respondent did not comply with that provision of the rule that requires him to

4

inform all of his clients of his suspension prior to October 17, 2005. Similarly, in the Third Avenue Wireless, Inc. matter, it appears respondent did not notify that client of his suspension until October 18th, contrary to his attestations in his October 17, 2005 affidavit of compliance. Thus, the Committee asserts, and we agree, that respondent was actively engaged in the practice of law on September 30 and October 19, while under suspension.

The Committee contends that respondent further violated the terms of this Court's suspension order by continuing to maintain third-party funds in his IOLA account after the effective date of his suspension and by failing to notify interested parties in a real estate transaction that he had been suspended. Most disturbing to the Committee is respondent's apparent conversion of these funds for his own use.

Specifically, on November 2, 2005, Andrea Conyers filed a complaint with the Committee alleging that respondent, among other things, had been holding a real estate buyer's down payment in the amount of $30,000 in his IOLA account since November 2004. In his December 14, 2005 answer to the Conyers complaint, respondent admitted to the Committee that he had held the $30,000, that it remained intact, and that it had been returned to the buyer's attorneys. However, respondent's bank records reflect that from October 14 through November 7, 2005 (after the

5

effective date of his suspension), respondent made six withdrawals to himself totaling $24,000, causing the balance in his IOLA account to fall below the amount required to be maintained on behalf of that third-party buyer. The Committee has verified with the attorneys for the buyer that respondent has since returned these funds to them via an IOLA check dated December 9, 2005.

In the meantime, while the Committee investigated the Conyers complaint, respondent executed an affidavit of resignation dated November 22, 2005. The affidavit was based on the misconduct which led to his interim suspension as well as the allegations that he engaged in the unauthorized practice of law on September 30 and October 19, 2005. Respondent averred that if charges were brought predicated upon all of the "above-described misconduct under investigation", he could not successfully defend himself on the merits against such charges. However, because respondent refused to acknowledge in his resignation the allegations of misappropriation in the Conyers matter, the Committee determined that it would not recommend to this Court to accept respondent's resignation. Instead, it now seeks respondent's disbarment.

In this regard the Committee now contends that in light of the incontestable evidence of respondent's open and notorious engagement in the unauthorized practice of law, respondent should

be immediately disbarred. Not only did respondent willfully disobey the suspension order by not properly disposing of third-party funds in his IOLA account, but by committing further grave misconduct in converting those funds for his own personal use. Lastly, the Committee avers that engaging in the practice of law while under suspension is unlawful (Judiciary Law § 486), and warrants immediate disbarment (*Matter of Goldman*, 24 AD3d 29 [2005], *appeal dismissed* 2006 NY LEXIS 90 [2006]; *Matter of Gill*, 3 AD3d 109 [2004]).

Respondent denies that he willfully engaged in the unauthorized practice of law on September 30 and October 19, 2005, he claims he did not misappropriate third-party funds, and he should be permitted to resign pursuant to 22 NYCRR 603.11.

Specifically, respondent claims that when he appeared in court on September 30, 2005, he had not yet learned of his interim suspension, thus, he did not "willfully" engage in the practice of law. He asserts, without any documentary or evidentiary support, that he did not see his then attorney's alleged fax dated September 29, 2005, until after he had already appeared in court on September 30th.

However, as the Committee argues in reply, it is not credible, as respondent claims, that his longtime friend, classmate and attorney, Mr. Levy, would not take immediate steps to contact respondent after receiving this Court's order on

September 28th (two days before respondent's first court appearance). Noticeably absent from respondent's opposition papers is an affidavit from Mr. Levy and/or a copy of the purported fax which would show the date and time of its transmission to respondent's "office". Finally, respondent's current denial that he did not engage in the unauthorized practice of law contradicts his prior statements made under oath in his November 22, 2005 affidavit of resignation.

With respect to his appearance in court on October 19, 2005, respondent argues that he appeared that day to request an adjournment so that his client, Mrs. Khublall, could obtain new counsel (which has now occurred). Respondent claims further that when the court asked him to identify himself, he then "knew" that the judge was aware that he was suspended and respondent was "too embarrassed to approach" so he left the courtroom, and in his "mind", he had already "left the case and had told my client that I must withdraw".

However, as the Committee notes in reply, respondent's alleged subjective belief that he was not practicing law because in his "mind" he had already "left the case" is insufficient as a matter of law to justify his appearance as an attorney in court while under suspension. Moreover, it is undisputed that prior to his appearance in court, he did not arrange for substitute counsel or move for leave to withdraw as required by 22 NYCRR

603.13(d)(2), nor did he ever alert the court of his suspended status, even in a sidebar or in chambers. Furthermore, his opposing counsel averred that respondent engaged in settlement negotiations and the court transcript shows that he promised the court to bring his client to the next conference in three weeks.

Additionally, the Committee contends that respondent violated Court Rule 22 NYCRR 603.13(d)(1) and (2) by failing to notify "promptly" by registered or certified mail his clients and adversaries in litigated matters of his inability to act as an attorney after the effective date of his suspension. Although he attested in his October 17, 2005 affidavit of compliance that he had fully complied with this Court's Rules and order of suspension, respondent waited three weeks to notify his client Third Avenue Wireless Inc., and never gave written notice of his suspension to his adversary in that matter. Similarly, with respect to the Khublall matter, he apparently waited until the eve of his court appearance, October 18, to orally advise his client that he was unable to continue because of "serious professional problems", not because he was suspended. Nor did he advise his opponent of his suspension or move in court for leave to withdraw. The Committee currently argues that respondent's failure to notify his clients or opposing counsel is not only a violation of this Court's Rules and suspension order but, in effect, constitutes an affirmative statement that he was the

attorney (see *People v Rohrberg*, 22 AD3d 421 [2005] [disbarred attorney's failure to notify client of disbarment under Rule 603.13(c) and (d) is itself a statement that he was an attorney supporting a finding of guilt of, inter alia, the unauthorized practice of law]).

Finally, respondent adamantly denies that he misappropriated or commingled third-party funds he was holding in escrow in the Conyers matter. By way of explanation, respondent stated to the Committee in December 2005, and states now, that he withdrew the money from his IOLA account on the mistaken belief that the Committee had instructed him to take "immediate steps to close the IOLA account, to transfer the money to [his] other account, and to pay whatever had to be returned from the other account". He further avers that he would be a "fool" to commingle the money (that had remained untouched for almost a year) since he has learned his lesson, he has already been suspended for commingling and because he knew his bank records would be seen by the Committee. Respondent further maintains that the Committee has misunderstood his actions, just as he misunderstood the Committee's instructions regarding closing his IOLA account.

In reply, however, the Committee contends that if respondent's claim were true, then respondent's bank records would reflect a single transfer of the $30,000 in escrow funds to respondent's business account. Instead, his bank records show

that he made six withdrawals to himself in varying increments over a three-week period between October 17 and November 7, 2005.

The Committee argues that those withdrawals constitute incontestable evidence that respondent misappropriated and converted $24,000 belonging to a third party.[2] Lastly, the Committee asserts that Staff's October 12, 2005 letter to respondent's counsel advised that "[i]n view of his interim suspension, Mr. Brown should no longer be holding funds of clients or third parties incident to his practice of law". The Committee contends that no reasonable interpretation of that letter could support respondent's alleged misunderstanding, particularly given the fact that it was this type of misconduct that led to his immediate suspension.

Finally, respondent, who is 79 years old, requests that instead of disbarment, that he be permitted to resign from the practice of law based on his previous improper commingling, which was his intention when he executed his affidavit of resignation on November 22, 2005, so that he may have a "dignified departure" from his "life in [the] law". As already noted, the Committee opposes this last request, stating that it is not in a position to recommend the acceptance of respondent's resignation because respondent refused to acknowledge therein the allegations of

---

[2] It should be noted, however, that respondent did repay that money in December 2005.

misappropriation set forth above.

In light of the evidence presented by the Committee as to respondent's misappropriation of third-party funds as well as to respondent's unauthorized practice of law while under suspension, the Committee's motion should be granted and respondent disbarred from the practice of law, effective immediately.

All concur.

Order filed.